UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
LAURENCE TAYLOR, on his own behalf C.T., a minor by his father and natural guardian LAURENCE TAYLOR,

16-cv-5625

Plaintiffs,

**COMPLAINT**

-against-

**JURY DEMAND**

CITY OF NEW YORK, POLICE OFFICER SCOTT SOHN, SERGEANT CARELLA JUNIOR AND POLICE OFFICERS "JOHN DOES" (the name John Does being fictitious as the true names are presently unknown),

Defendants.
-----------------------------------------------------x

Plaintiffs, by their attorneys, Law Office of Philip Akakwam, P.C., complaining of the defendants, City of New York, Police Officer Scott Sohn, Sergeant Carella Junior and Police Officers "John Does" (collectively "defendants"), upon information and belief allege as follows:

**INTRODUCTION**

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiffs by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and arising under the laws and statutes of the City and State of New York.

2. This case arises out of an incident which occurred on June 16, 2014 at or about 1:30 A.M. at the corner of Suydam Street and Irving Avenue, in front of the Maria Hernandez Park, Brooklyn, New York.

3. Plaintiffs seek monetary damages for: the false arrest, false imprisonment, use of excessive force, malicious prosecution and interference with parental rights of Plaintiff Laurence Taylor and otherwise, for the violation of his federally guaranteed constitutional and civil rights; and for the wrongful detention of Plaintiff C.T. and for the violation of his federally guaranteed constitutional and civil rights and his rights as otherwise guaranteed under the laws and Constitution of the State of New York. The Plaintiffs seek whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that their remedy is full and complete.

## JURISDICTION

4. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

5. Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiffs invoke the Court's pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

6. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

7. The Plaintiffs are residents of the City of New York, County of Kings and State of New York.

8. Defendant, City of New York (City) is a municipal entity existing under the laws and

Constitution of the State of New York and was the public employer of the defendant police officers through its Police Department - NYPD- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

9. Upon information and belief and at all times relevant, defendants Police Officer Scott Sohn and Sergeant Carella Junior were and still are police officers employed by the City of New York.

10. Upon information and belief and at all times relevant, defendant Police Officers "John Does" were and still are police officers employed by the City of New York.

11. The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

12. On June 16, 2014 at approximately 1:50 a.m., at or about the corner of Suydam Street and Irving Avenue, in front of the Maria Hernandez Park, Brooklyn, New York, defendant officers committed the following acts against the plaintiffs.

13. Plaintiff Laurence Taylor was walking on the side walk and pushing his son C.T. in a stroller near the park on their way home from his uncle's house when the defendant officers pulled up near the plaintiffs in their police vehicle.

14. The officers asked plaintiff Laurence Taylor where he was coming from and where he was going. Plaintiff explained to them that he was coming from his uncle's house where they had a cook-out and that he was walking home to 32 Van Buren Street, Brooklyn, with his son.

15. The officers told plaintiff Laurence Taylor that he was going the wrong way and that he was supposed to be going towards Flushing. Plaintiff told them that he knew how to get to his

house, that his house was about 15 minutes away, and that he had been through the same route many times in the past.

16. When Laurence Taylor told the officers that he knew how to get to his house, the officers came out of their car. And without any instructions to plaintiffs to stop, Officer Scott Sohn approached plaintiff from behind and forcefully grabbed at his son's stroller causing the stroller to flip and the infant plaintiff to fall face to the ground with the stroller over him. The infant plaintiff suffered abrasion and swelling to the upper lip and other injuries.

17. While the infant plaintiff was still on the ground with the stroller over him, Officer Sohn swung at plaintiff Laurence Taylor and missed because plaintiff ducked. Then, he swung again at Laurence Taylor hitting him on the lips busting his lips.

18. Sergeant Junior grabbed Lawrence Taylor by both legs while Officer Sohn had him in choke hold and together they slammed plaintiff to the ground causing his head to hit hard on the ground.

19. The officers pinned Laurence Taylor to the ground by kneeing his head to the ground and for a long time pressed his head very hard to the ground causing bruises to plaintiff Laurence Taylor's face.

20. Plaintiff Laurence Taylor begged the officers to please get his son up from the ground. He continued to scream about his son who was still lying face on the ground strapped to the stroller which was over him.

21. While Laurence Taylor was on the ground in handcuffs, both officers punched him repeatedly on various parts of his body.

22. And while Laurence Taylor was still on the ground in handcuffs, both defendant

officers kicked him many times on his stomach.

23. Then they pulled his legs up and backwards towards his head while his body was still pinned to the ground thereby causing him much pain.

24. While Laurence Taylor was crying and begging the officers to get his son off the ground, the officers kneed Laurence Taylor on the neck and told him to shut up.

25. And while Laurence Taylor was still pinned to the ground, the officers pulled on his handcuffs causing deep cuts on his wrists and hands.

26. Defendant officers searched plaintiff Laurence Taylor there on the street and recovered no drugs, weapons, or other contraband.

27. Plaintiff C.T. was transported to Wyckoff Heights Medical Center where he was treated for his injuries.

28. Plaintiff Laurence Taylor was transported to the 83rd precinct despite his complaints of pain on various parts of his body including a severe stomach pain.

29. At the precinct, Laurence Taylor was processed and detained in a cell. He was searched and no drugs or contraband was found on him. Upon information and belief, the search of said plaintiff at the precinct was captured by a surveillance camera at the precinct.

30. Plaintiff was held in excessively tight handcuffs for extended periods of time despite his complaints to defendants that the handcuffs were excessively tight.

31. Plaintiff Laurence Taylor continued to complain about his injuries and demanded medical attention. He was later taken to the hospital for a very short visit and then taken back to the precinct.

32. Back at the precinct, plaintiff continued to suffer from severe stomach pain and

vomited a few times inside the cell. He was made to stay in the vomit for a long time.

33. When his stomach became unbearable and after throwing up a few times inside the cell at the precinct, plaintiff requested to be returned to the hospital for treatment but he was ignored by the defendants.

34. Plaintiff was later taken to Central Booking where he was further processed and detained in a holding cell.

35. Plaintiff Laurence Taylor was charged with *inter alia* Endangering the Welfare of a Child and Resisting Arrest.

36. The charges were presented to the Grand Jury. The Grand Jury did not return a True Bill, a Prosecutor's Information, nor did the Grand Jury return any indication that the prosecutors should proceed on any charge.

37. To cover up their misconduct, defendant officers intentionally, knowingly and purposely provided false statements and information to the District Attorney of Kings County to cause plaintiff to be prosecuted.

38. Plaintiff was made to return to court many times to defend the charges against him until May 4, 2015 when all the charges against plaintiff were dismissed upon the motion of the District Attorney of Kings County.

39. As a result of false charges initiated by defendant officers against plaintiff, an order of protection was issued against plaintiff restricting his access to his son C.T. The order lasted for about 1½ years during which plaintiff could not be with his son.

40. Plaintiff Laurence Taylor did not resist arrest at any time during the above incident.

41. Plaintiffs did not engage in suspicious, unlawful or criminal activity prior to or during

the above incidents. The individual defendants did not observe plaintiffs engaged in suspicious, unlawful or criminal conduct at any time prior to or during the above incidents.

42. At no time prior to or during the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiffs had engaged in suspicious, unlawful or criminal conduct.

43. Plaintiff Lawrence Taylor suffered physical injuries, including but not limited to cuts in his wrists and hands, lacerations to the lips, contusions and severe head injury which is now causing plaintiff to suffer from seizures, and other injuries.

44. And plaintiffs suffered and continue to suffer emotional distress, fear, humiliation, embarrassment, shock, loss of liberty, psychological trauma, pain, and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

45. The Plaintiffs suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

46. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant Officers in a collective manner and fashion.

47. The Plaintiffs have no other adequate remedy at law but for this action.

**AND AS FOR A FIRST CAUSE OF ACTION:**
**42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT**

48. Plaintiffs reiterate paragraphs 1 through 47 and incorporate such by reference herein.

49. By their conduct under color of law, defendant officers deprived plaintiff Lawrence Taylor of his constitutional right to be free from false arrest and false imprisonment.

50. Consequently, plaintiff Lawrence Taylor has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**AND AS FOR A SECOND CAUSE OF ACTION:**
**42 U.S.C. § 1983 - UNREASONABLE AND EXCESSIVE FORCE**

51. Plaintiffs reiterate paragraphs 1 through 50 and incorporate such by reference herein.

52. The plaintiff Lawrence Taylor was subjected to unnecessary and excessive force in violation of rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

53. As a direct and proximate result of the misconduct detailed above, plaintiff Lawrence Taylor suffered injuries and damages herein before stated.

**AND AS FOR A THIRD CAUSE OF ACTION:**
**42 U.S.C. § 1983 - FAILURE TO INTERCEDE**

54. Plaintiffs reiterate paragraphs 1 through 53 and incorporate such by reference herein.

55. The defendant officers and other John Doe police officers each had opportunities to intercede on behalf of plaintiff to prevent the excessive use of force and unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refused to do so.

56. As a direct and proximate result of the misconduct detailed above, Plaintiff sustained the damage herein before stated.

**AND AS FOR A FOURTH CAUSE OF ACTION:**
**42 U.S.C. § 1983 - MALICIOUS PROSECUTION**

57. Plaintiffs reiterate paragraphs 1 through 56 and incorporate such by reference herein.

58. The Plaintiff Lawrence Taylor was subjected to malicious prosecution in that he was arrested and charged without probable cause, and subjected to criminal prosecution as a consequence thereof.

59. Such violated the plaintiff's rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

60. The defendant officers acted with malice to cover up their illegal and unconstitutional conduct by initiating the malicious prosecution.

61. The above-stated malicious prosecution was terminated in plaintiff's favor when all the charges were dismissed.

62. As a result of the misconduct defendants herein, plaintiffs suffered injuries and damages herein before stated.

**AND AS FOR A FIFTH CAUSE OF ACTION**

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

63. Plaintiffs reiterate paragraphs 1 through 62 and incorporate such by reference herein.

64. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

65. Defendant City, acting through the NYPD, had actual and/or de facto policies,

practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, subjecting to excessive force, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some illicit activities.

66. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. The City of New York had been accused of racial profiling on multiple occasions. And in *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10 (S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the NYPD, engages in illegal and unreasonable stop, frisk, search and seizure.

67. The City of New York and the NYPD have been aware, from numerous lawsuits and complaints, that many of the NYPD's officers are insufficiently trained on the proper way to use force and/or search arrestees. The City of New York and the NYPD are further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, the City of New York and the NYPD have failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

68. Upon information and belief, the City of New York was aware from notices of claim, lawsuits and complaints that the officers involved in the present case were unfit to be police officers, and that it was highly likely that they would commit the acts alleged in the present case.

69. Nevertheless, the City of New York exercised deliberate indifference by failing to properly train, re-train, supervise and discipline these officers. Moreover, the City of New York failed to adequately investigate prior complaints against the officers and created a culture where

officers can harass and assault citizens without consequence.

70. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. §§ 1983 and 1985(3), and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

71. The aforesaid conduct of the City of New York amounted to negligent hiring, training, monitoring and retention of incompetent employees, in violation of state law.

72. Under state law, the City of New York is responsible for its employees' actions under the doctrine of *respondeat superior*.

73. As a direct and proximate result of the policies and deliberate indifference of the City of New York, plaintiff suffered substantial damages as herein stated.

**AND AS FOR A SIXTH CAUSE OF ACTION:**
**PENDENT CLAIM OF ASSAULT AND BATTERY**

74. Plaintiffs reiterate paragraphs 1 through 73 and incorporate such by reference herein.

75. Plaintiff Lawrence Taylor was assaulted and battered in violation of his rights under the laws and Constitution of the State of New York.

76. Plaintiff Lawrence Taylor suffered injuries and damages as set forth herein.

**AND AS FOR A SEVENTH CAUSE OF ACTION:**
**PENDENT CLAIMS OF FALSE ARREST AND FALSE IMPRISONMENT**

77. Plaintiffs reiterate paragraphs 1 through 76 and incorporate such by reference herein.

78. The actions and conduct of the defendants violated plaintiff's rights as guaranteed under the laws of the State of New York being that Plaintiff Lawrence Taylor was arrested without probable cause and was falsely imprisoned and subjected to malicious prosecution.

79. Plaintiff Lawrence Taylor suffered injuries and damages as set forth herein.

**AND AS FOR A SEVENTH CAUSE OF ACTION:**
**PENDENT CLAIMS OF MALICIOUS PROSECUTION**

80. Plaintiffs reiterate paragraphs 1 through 79 and incorporate such by reference herein.

81. Plaintiff Lawrence Taylor was subjected to malicious prosecution in that he was arrested and charged, without probable cause, and subjected to criminal prosecution as a consequence thereof.

82. Plaintiff Lawrence Taylor suffered injuries and damages as set forth herein.

**AND AS FOR AN EIGHT CAUSE OF ACTION:**
**INTERFERENCE WITH PARENTAL RIGHTS**

83. Plaintiffs reiterate paragraphs 1 through 82 and incorporate such by reference herein.

84. The actions and conduct of the defendants interfered with Plaintiff Lawrence Taylor's familial relations with his son plaintiff C.T.

85. Defendant officers wrongfully took plaintiff C.T. away from his father.

86. Defendant officers intentionally, knowingly and purposely provided false statements and information to the District Attorney of Kings County that plaintiff had neglected his son C.T. causing the court to issue an Order of Protection restraining Plaintiff Lawrence Taylor from his son for more than 1½ years.

87. Plaintiffs suffered injuries and damages as set forth herein.

**PENDENT CLAIM - RESPONDENT SUPERIOR**

88. Plaintiffs reiterate paragraphs 1 through 87 and incorporate such by reference herein.

89. At all relevant times, all defendant employees of the City of New York were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

90. Consequently, the City is liable under the doctrine of *respondeat superior* for their tortious actions.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants as follows:

i. For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii. For punitive damages against the individual defendants in an amount to be determined at trial;

iii. For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

iv. For pre-judgment interest as allowed by law; and

v. For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
October 7, 2016

LAW OFFICE OF PHILIP AKAKWAM, P.C.

By: /s/

Philip Akakwam, Esq.
Attorneys for the Plaintiffs
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

16-cv-5625

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

LAURENCE TAYLOR, on his own behalf
C.T., a minor by his father and natural
guardian LAURENCE TAYLOR,

Plaintiffs

-against-

CITY OF NEW YORK, POLICE
OFFICER SCOTT SOHN, SERGEANT
CARELLA JUNIOR AND POLICE
OFFICERS "JOHN DOES"
(the name John Does being fictitious as
the true names are presently unknown),

Defendants.

---

## COMPLAINT

---

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiffs
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated: